Warren F. ARSAD, Jr., Appellant

v.

Judge Rayford MEANS, Philadelphia Court Common Pleas; Ada Carol Sweeney, Esq., District Attorney Office; John W. Goldsborough, Esq.; Robin Godfrey, Esq., District Attorney's Office.

No. 09–3152.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 29, 2010.

Opinion filed: Feb. 16, 2010.

---

Warren F. Arsad, Jr., Cresson, PA, pro se.

Thomas W. Dolgenos, Esq., Philadelphia, PA, for Appellee.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Warren Arsad, appeals the District Court's order dismissing his *pro se* complaint. Upon consideration of the record, we conclude that the District Court properly determined that the Arsad's claims were legally frivolous. Therefore, because the appeal presents no arguable issues of fact or law, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Arsad, a state prisoner currently incarcerated at SCI–Cresson, filed a civil rights action pursuant to 42 U.S.C. § 1983 against the Honorable Rayford A. Means of the Philadelphia Court of Common Pleas, and three attorneys from the Philadelphia District Attorney's Office. In his complaint, Arsad challenges, *inter alia,* Judge Means' jurisdiction and sentencing determinations with respect to a state criminal action, and accuses the Assistant District Attorneys of prosecutorial and professional misconduct with respect to that same criminal action. Arsad sought various monetary damages for what he alleges were violations of his "civil and human" rights. In an order entered on July 15, 2009, the District Court dismissed Arsad's complaint as legally frivolous under the *in forma pauperis* statute. This timely appeal followed.

■ We will dismiss the appeal as lacking legal merit pursuant to 28 U.S.C. § 1915(e)(2)(B), as Arsad's complaint was properly disposed of by the District Court. Initially we note that, insofar as appellant seeks money damages as a result of his conviction or sentence, *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars the action because Arsad has not alleged that his conviction or sentence has been invalidated. In *Heck,* the Supreme Court held that a state prisoner could not maintain an action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. 2364.

To the extent that Arsad seeks monetary damages for an alleged constitutional violation in connection with his criminal proceedings that would not imply the invalidity of his conviction or sentence, the District Court correctly concluded that appellant's claims were meritless. Any challenge Arsad sought to assert with respect to the actions of a state court judge was properly disposed of with little discussion as judges are entitled to absolute immunity in § 1983 actions seeking monetary damages for acts performed in their judicial capacities. *See Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Likewise, the District Court committed no error in rejecting Arsad's claims against the state prosecuting attorneys as it is a well established principle that a prosecuting attorney acting within the scope of his duties is absolutely immune from a § 1983 suit for damages. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

Accordingly, the appeal lacks merit and we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Arsad's motions to "aggregate" and "consolidate" several of his many appeals are denied without discussion. We briefly note that some of the appeals Arsad seeks to have consolidated have already been closed.